David C. Dalthorp
Dana L. Hupp
GOUGH, SHANAHAN, JOHNSON & WATERMAN, PLLP
33 South Last Chance Gulch
P.O. Box 1715
Helena, MT 59624
Telephone: (406)442-8560
Facsimile: (406)442-8783
E-mail:      dcd@gsjw.com
             dlh@gsjw.com


*Attorneys for the Defendant, Cowry Enterprises, Ltd.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RICHLAND PARTNERS, LLC, JOHN PAYNE, and ROGER HALL, | Case No.: CV 14-14-BLG-SPW |
| Plaintiffs, | |
| | **BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT** |
| v. | |
| COWRY ENTERPRISES, LTD., | |
| Defendant. | |

## INTRODUCTION

Richland Partners, LLC, John Payne, and Roger Hall (collectively,

"Richland Partners") seek to amend the complaint to join Phillips Petroleum n/k/a

ConocoPhillips ("Phillips") to assert claims that it caused oil contamination on the property they purchased.  The deadline for motions to amend pleadings, including joinder of parties, was August 1, 2014.  *See Scheduling Order* (5/1/14).  The motion to amend to add a party was filed on August 12, 2014.  Since the deadline has run, Richland Partners must show "good cause" for the District Court to modify the scheduling order and allow this untimely amendment.  *See* Fed.R.Civ.P. 16(b)(4).

Richland Partners cannot show good cause to justify a modification of the scheduling order.  Richland Partners has long had knowledge of the facts it claims justify this amendment and had plenty of time to move for leave to amend the complaint within the timeframe specified in the scheduling order.  Therefore, there is not good cause to modify the scheduling order.

Also, the proposed amendments are futile for two reasons.  First, the statute of limitations on the proposed claim ran three decades ago.  Second, all claims for surface damage, including for oil contamination, were settled in the 1980's and the landowner released such claims.  The untimely amendment of the complaint will do nothing more than unfairly prejudice Cowry Enterprises, Ltd. ("Cowry") and prolong this litigation.

## BACKGROUND PERTINENT TO PROPOSED AMENDMENT

Intending to build a commercial and RV park, Plaintiffs Roger Hall and John Payne purchased about 37 acres of property adjacent to two of Cowry's producing oil wells in 2012.  Those plaintiffs formed an entity called Richland Partners, LLC.  They hired Territorial Landworks to conduct due diligence before purchasing the property and to assist with the subdivision approval process after purchasing the property.  *See Jason Rice Depo.*, p. 44 (Ex. 1); *Complaint*, ¶¶ 16-17.

The claims pertinent to the Motion for Leave to Amend arise from an allegation that oil from a well operated by Cowry "seeped onto the property purchased by Richland Partners."  *Plaintiffs' First* (Proposed) *Amended Complaint*, ¶ 35.  That allegation arose from Territorial Landworks employee Kolten Knatterud's "discovery" of what he assumed to be old oil waste in three of the test pits for septic drain fields Territorial Landworks dug near one of Cowry's wells.  *See Knatterud Depo.*, pp. 42-44, 54-59 (Ex. 2).

Neither Knatterud, Territorial Landworks owner Jason Rice, nor Plaintiff Payne knows of any evidence that what they assume is old oil waste came from Cowry's operation of its well.  *Knatterud Depo.*, p. 43 (Ex. 2); *Rice Depo.*, p. 94 (Ex. 1); *Payne Depo.*, p. 48-49 (Ex. 3).  Any oil residue on the property is likely from an old reserve pit used when the well was drilled in the early 1980's.  *See Rice Depo.*, pp. 99-100 (Ex. 1); *Payne Depo.*, pp. 16-18, 48-49 (Ex. 3).

A reserve pit is a storage area dug in the ground that acts as a small reservoir for storing spare or waste mud, base oil, water or brine while drilling an oil well. During the early 1980's, when the well was drilled, companies typically used a reserve pit while drilling a well. *See Burkle Depo.*, p. 37 (Ex. 4). At the end of drilling operations, the reserve pit was drained and reclaimed. A typical way of reclaiming reserve pits was to land-farm them by filling them in and putting soil on top. It appears that is how the reserve pit was reclaimed.

Cowry did not drill the oil well at issue and never owned or controlled the land where the buried reserve pit is located. Aminoil, a company Phillips subsequently purchased, drilled the well and reclaimed the reserve pit.

The existence of the old reserve pit was no secret when Richland Partners purchased the property. Before the transaction, the seller disclosed it as a soil problem. *See Disclosure*, Ex. 4 to *Rice Depo* (Ex. 1). Plaintiff Roger Hall initialed each page of the disclosure and signed it on February 10, 2012. *See Payne Depo.*, p. 15 (Ex. 3); *Disclosure*, Ex. 4 to *Rice Depo.*

Plaintiff John Payne said he was unaware of the disclosure and did not know what a reserve pit was at the time. *Payne Depo.*, pp. 16-18 (Ex. 3). He had not seen any pits on the property, and he testified it might have raised some red flags with him had he known about the disclosure before they purchased the property. *Payne Depo.*, pp. 16-17. He learned about it when Knatterud reported the backhoe

operator said he had dug up remnants of an old reserve pit.  *Payne Depo.*, p. 18.

Rice testified he did not see the disclosure of the reserve pit as part of the due diligence he was doing for Richland Partners.  *Rice Depo.*, pp. 84-85 (Ex. 1). He testified he would have asked where the reserve pit was had he seen the disclosure.  *Rice Depo.*, p. 84.  He acknowledged the disclosure necessarily was of something buried because he had been there before Richland Partners purchased the property and there was no pit.  *Rice Depo.*, pp. 89-90.  Had he seen the disclosure, he would have recommended they get someone to open it up and explore it.  *Rice Depo.*, p. 87.

Richland Partners neither followed up on the disclosure of the old reserve pit nor conducted proper due diligence for purchasing property adjacent to oil wells. They might have decided not to purchase the property had they done proper due diligence after the seller disclosed the old reserve pit.  *See Rice Depo.*, p. 88 (Ex. 1).  Although the seller disclosed it before Richland Partners purchased the property, they sued Cowry on a claim of "seepage" and now they want to sue Phillips over the existence of an old reserve pit that Cowry did not construct and is on land that Cowry never owned.

## STANDARD FOR LEAVE TO AMEND AFTER THE DEADLINE

The inquiry is whether Richland Partners can show "good cause" for modifying the scheduling order as specified in Rule 16.  After the District Judge

issues a scheduling order, Rule 16, not Rule 15, applies to amendments to the pleadings. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992).

As required by Rule 16(b)(1) and (b)(3), the District Judge issued a scheduling order limiting the time to amend the pleadings. The deadline for amending pleadings, including joinder of parties, passed before Richland Partners filed their motion, so Rule 16 applies to its motion. Neither Rule 15, nor the lenient standard in *Foman v. Davis* apply.

Rule 16(b)(4) specifies: "A schedule may be modified only for good cause and with the judge's consent." Whether there is good cause requires a showing the deadline in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (*quoting* Fed.R.Civ.P. 16 advisory committee's notes). If "the amending party was not diligent, the inquiry should end." *Id.* at 608. Prejudice to the party opposing the modification might add an additional reason to deny a motion for leave to amend. *Id.*

## ARGUMENT

There is not good cause to justify amending the scheduling order to allow Richland Partners to join Phillips and assert claims it contaminated the property they purchased. Cowry has all along said that if anyone was responsible for contamination on the property, it was Phillips. Richland Partners had plenty of time to file its motion to join Phillips before the deadline.

In its answer filed in February, Cowry asserted it did not contaminate Richland Partners' property, and the claims are barred to the extent the alleged damages were caused by actions of entities other than Cowry.  *Answer*, p. 12 (2/19/14).  In its Preliminary Pretrial Statement filed in April, Cowry explained the alleged contamination was likely oil residue in a reserve pit used when the well was drilled in 1980-81.  Cowry explained what a reserve pit is, how reserve pits were reclaimed back in the 1980's, and that Phillips bought the company responsible for creating and reclaiming the reserve pit.  Cowry also explained it never controlled the area where the reserve pit was located.  *Defendant's Preliminary Pretrial Statement*, (filed 4/23/14), pp. 3-4.

In discovery, Cowry produced its documentation of the history of the well. Many of the documents show that Aminoil, which Phillips later purchased, drilled the well and settled claims related to it.  Some of those documents were discussed during—and made exhibits to—the depositions of Jason Rice and Plaintiff John Payne, which occurred on June 5, 2014.  *Rice Depo.*, pp. 93-94 (Ex. 1); *Payne Depo.*, pp. 37-38 and Exs. 12-15 (Ex. 3).

As noted in Richland Partners' Motion to Amend, Cowry produced a document memorializing its purchase of the wells from Conoco, and it indicates that Cowry assumed no liability of Phillips.  *Plaintiffs' Motion for Leave to File Amended Complaint*, p. 3.  On June 11, 2014, that document was discussed in the

deposition of Derick Glyman, founder of Cowry.  *Derick Glymin Depo.*, p. 57 (Ex. 5).  It was discussed that the buried reserve pit is a big part of the case.  *Derick Glymin Depo.*, p. 57.  It was discussed that Cowry has no liability in connection with the old reserve pit.  *Derick Glymin Depo.*, pp. 57-58.

Months before they filed the motion, Richland Partners knew Phillips, if anyone, would be liable for the contamination.  There is not good cause to allow Richland Partners leave to amend to join Phillips because they had time to do so before the deadline.

Even if Richland Partners had moved to amend within the deadline, its proposed amendment to join Phillips Petroleum is futile because the statute of limitations has run.  The proposed claims against Phillips are limited to claims for damage to real property.  Claims for damage to real property have a two-year statute of limitations pursuant to § 27-2-207(1), MCA.

Any damage to the property by Phillips occurred in the early 1980's.  The owner had to have known about it because the subsequent owner disclosed the old reserve pit to Plaintiff Roger Hall, who signed the disclosure on February 10, 2012.  *See Payne Depo.*, p. 15 (Ex. 3); *Disclosure Statement*, Ex. 4 to *Rice Depo* (Ex. 1).  It would be futile to amend the complaint to assert claims that are barred by the statute of limitations, so there is not good cause to allow the amendment.

Another reason the proposed claims against Phillips are futile is that the claims were settled long ago.  All claims for surface damages, including claims for oil contamination around the well site, were settled in the 1980's.  *See Payne Depo.* Ex. 12-15 (Ex. 1).  Richland Partners seeks to join Phillips to assert claims that it contaminated the property with oil, and those claims were settled three decades ago.

Although the primary inquiry before the Court is whether Richland Partners can show good cause to change the deadline for amending or joining a party, the existence of prejudice to Cowry supplies an additional reason to deny the motion. *See Johnson*, 975 F.2d at 609.  The necessary depositions have been taken, Cowry is preparing to move for summary judgment on all claims, and the motion is expected to include the statute of limitations and settlement issues raised above.

The joinder of Phillips would unnecessarily muddy the case just when Cowry is ready to ask that it be dismissed.  In their complaint, the plaintiffs characterized the alleged contamination as "seepage" from Cowry's well, but they later learned it is residue in a historic reserve pit for which Cowry was never responsible.  If Richland Partners is intent on suing Phillips over the old reserve pit, it should just do so in a separate action.

## CONCLUSION

The deadline for amendments to pleadings and joinder of parties has passed. Richland Partners cannot show good cause to modify the scheduling order to change the deadline for amending pleadings and adding parties.  Cowry requests that the District Court deny Richland Partners' Motion for Leave to Amend to add another defendant.

DATED August 26, 2014.

GOUGH, SHANAHAN, JOHNSON & WATERMAN, PLLP


 /s/ David C. Dalthorp
 David C. Dalthorp
 Dana L. Hupp
 Attorneys for Defendant Cowry Enterprises, Ltd.

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## LOCAL RULE 7.1(d)(2)

I hereby certify that, pursuant to Local Rule 7.1(d)(2), the attached Brief in

Opposition to Plaintiffs' Motion to Amend Complaint is proportionately spaced,

has a typeface of 14 points, and contains 1,985 words.

GOUGH, SHANAHAN, JOHNSON & WATERMAN, PLLP


/s/ David C. Dalthorp_____
Attorneys for Defendant Cowry Enterprises, Ltd.